**Debbie KESLAR, Plaintiff,**

v.

**Bryce BARTU, et al., Defendants.**

**No. 4:96CV3072.**

United States District Court,
D. Nebraska.

March 18, 1999.

Traci M. Comstock, Comstock Law Offices, Omaha, NE, Rose B. Fua, Beth H. Parker, Equal Rights Advocates, San Francisco, CA, for plaintiff.

Charles E. Lowe, Carla H. Risko, Attorney General's Office, Lincoln, NE, Alan E. Peterson, Terry R. Wittler, Cline, Williams Law Firm, Lincoln, NE, for defendants.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

By stipulation, Plaintiff is the prevailing party in a Title VII employment discrimination case. She was a court reporter for a state district judge. She complained that the judge sexually harassed her. Before trial, the case was settled without an admission of liability.

Pending before the court is Plaintiff's application for attorney's fees and costs (filing 288) pursuant to 42 U.S.C. § 1988. Plaintiff is seeking fees in the amount of $423,797.50, representing 3,400 hours of work. Plaintiff also seeks costs in the amount of $34,017.88, for a total award of $457,815.38. Plaintiff also seeks an enhancement of the award of 2 to 3 times the value of her fees.

██ Plaintiff recovered $70,000 from the defendants. She also received the agreement of the State of Nebraska to ensure that an existing harassment policy is "clearly shown to be applicable to official court reporters" and that complaints would be promptly investigated. (Filing 285.)[1] This money and the minimal additional contractual relief Plaintiff achieved justifies a fee of no more than $35,875.[2] This point is amply demonstrated in the very detailed and extraordinarily well written brief submitted by counsel for the defendants. I will elaborate no further except to state that the plaintiff's lawyer, Traci M. Comstock, lost all sense of proportion and spent too much time and money on what was only slightly more than a run-of-the-mill case.[3]

---

1. It is fair to say that Nebraska, including the Nebraska Supreme Court, simply promised to do what it had been doing. (Affidavit of Judge John M. Gerrard, Filing 291, Ex. 104.)

2. To arrive at this amount I first determined the total hours reasonably expended and that equals 350 in this case. I then computed 35 hours × $125 (reasonable hourly rate for California counsel) plus 315 hours × $100 (reasonable hourly rate for Nebraska counsel) and that exercise produced $35,875. This calculation also yielded a blended effective hourly rate of $102.50 per hour ($35,875 divided by 350 hours=$102.50). Such a fee award is more than half of what the plaintiff recovered in money and within the customary range of rates I have awarded in other cases for lawyers of comparable ability.

3. I know that the plaintiff sued a former state trial judge, the Nebraska Supreme Court, the Chief Justice, and the state court administrator. (I dismissed the Supreme Court, the Chief Justice and the state court administrator on motion of the defendants.) While the fact that judges were sued is not irrelevant, it does not justify an exorbitant fee and cost application. Nor does it make the case anything more than slightly unusual. Specifical-

I also share Mr. Cope's belief that Plaintiff's application for fees and costs is "unreasonable," "unconscionable," and an abuse of the judicial process. (Affidavit of Thom K. Cope, Filing 291, Exhibit 105, ¶¶ 1, 14.) Cope, a well regarded Plaintiff's civil rights lawyer, submitted his views to the court. He has no stake in the proceeding. He gave his sworn testimony as a "strong advocate for women's rights" because he felt "a duty to this Court (certainly none to the State or Bartu) to see that the fee process is not abused." (*Id.* ¶ 23.) It is only to avoid further litigation and delay that I do not impose sanctions upon the plaintiff's chief lawyer for her abusive application. I do, however, now caution Traci M. Comstock, counsel for the plaintiff, that the court will not tolerate such behavior in the future.

Finally, the cost statutes and the case law only permit recovery of certain costs and those costs must be necessarily incurred. Giving the plaintiff the benefit of every doubt, I will award the plaintiff half the costs that she seeks, or $17,009.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's application for attorney's fees and costs, (filing 288), is granted in part and denied in part, as described herein, and Plaintiff is awarded attorney fees and costs in the total sum of $52,884. The plaintiff's bill of costs (filing 289) is otherwise denied.

2. All other pending motions related to the application for attorney's fees and to matters at issue before entry of the settlement order are denied as moot, (filings 267, 270, 272, 276, 287, 293 and 294); and

3. Judgment will issue by separate document.

ly, I do not give much weight to the suggestion that it took courage on the part of the

plaintiff's counsel to prosecute this case.